IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TERRENCE LAMONTE LIPSCOMB | § | |
| v. | § | CIVIL ACTION NO. 6:08cv224 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Terrence Lipscomb, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lipscomb says that he was convicted of assault on a public servant on September 21, 2004, receiving a sentence of 20 years in prison. He filed a direct appeal, and his conviction was affirmed by the Sixth Judicial District Court of Appeals on August 31, 2005. *See* http://www.6thcoa.courts.state.tx.us/opinions/case.asp?FilingID=6347. Lipscomb then filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was denied on February 8, 2006. *See* http://www.cca.courts.state.tx.us /opinions/Case.asp?FilingID=238410.

After his petition for discretionary review was denied, Lipscomb sought state habeas corpus relief. He filed his state habeas petition in the trial court on May 14, 2007. *See* http://www.co.gregg.tx.us/Scripts/UVlink.isa/gregg_jud/WEBSERV/CriminalSearch?action%253Dview%26track%253D42042. The Texas Court of Criminal Appeals' records show that this petition was dismissed for non-compliance with proper procedures on June 20, 2007. *See* http://www.cca.courts.state.tx.us/opinions/Case.asp?Filing ID= 252598.

After review of the pleadings, the Magistrate Judge issued a Report on June 23, 2008, recommending that Lipscomb's petition be dismissed because of the expiration of the statute of limitations. The Magistrate Judge calculated that Lipscomb's limitations period began to run on May 10, 2006, after the time to file a petition for writ of certiorari had expired, and expired on May 10, 2007. Because Lipscomb's state habeas petition was filed after this date, it did not toll any of the limitations period, which period had already fully expired. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition).

The Magistrate Judge also determined that Lipscomb had not shown any basis upon which to equitably toll the limitations period. Although Lipscomb says, in a vague and conclusory way, that he "paid an attorney who then abandoned him, the Magistrate Judge noted that attorney error or neglect is not a basis for equitable tolling of the statute of limitations. Cousin v. Lensing, 310 F.3d 843, 848-49 (5th Cir. 2002). The Magistrate Judge therefore recommended that the petition be dismissed and that Lipscomb be denied a certificate of appealability *sua sponte*.

Lipscomb filed objections to the Magistrate Judge's Report on July 11, 2008. In his objections, Lipscomb says that the Magistrate Judge entered the Report before he, Lipscomb, even had a chance to sign the consent form and that his motion for leave to file excess pages, in the form of a 98-page brief, has never been ruled upon. Lipscomb also says that the Magistrate Judge did not correctly set out the grounds for relief raised in the petition. He does not specifically refer to the statute of limitations in his objections, nor does he show that he should be entitled to equitable tolling, although he does say that his attorney filed two state habeas petitions which were dismissed for non-compliance. As the Magistrate Judge correctly concluded, attorney error or neglect does not set out a valid basis for equitable tolling of the limitations period. Cousin, 310 F.3d at 849. Lipscomb's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court

has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Terrence Lipscomb is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 30th day of July, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**